# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD LEWIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2867-JDT-cgc |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING PLAINTIFF OF APPELLATE FILING FEE, AND NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On October 31, 2014, Plaintiff Charles Edward Lewis, Jr. ("Lewis"), an inmate at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued November 3, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Shelby County,[1] SCCC Director William J. Gupton, Jr., and SCCC Sergeant Hardy Young.

### I. The Complaint

Lewis alleges that on October 8, 2014, he was not allowed to have breakfast. (ECF No. 1 at 3.) Lewis contends that he was attempting to avoid conflict with inmates who were gang

---

[1] The Court construes the allegations against the Shelby County Division of Corrections as an attempt to assert a claim against Shelby County.

members by using a different walkway to the dining hall. (*Id.* at 2.) Defendant Young instructed him to use the same walkway as the gang members, which resulted in his going to the end of that line. (*Id.*). Once Lewis finally made it into the dining hall, he alleges that Defendant Young made him get out of line and sit down without getting any food because Lewis had taken too long to get to the dining area. (*Id.* at 3.) As a result, Lewis did not get any breakfast even though it had been fifteen hours since his last meal. (*Id.*) Lewis seeks compensatory damages. (*Id.*)

II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at

555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F.

App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Lewis filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Lewis's complaint contains no factual allegations against Defendant Gupton. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The complaint does not assert a valid claim against Shelby County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue is dispositive of Lewis's claims against Shelby County.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d

at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Corr. Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty. of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The complaint does not allege that Lewis suffered any injury arising from an unconstitutional policy or custom of Shelby County.

Lewis's claim against Defendant Young arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501

U.S. at 298; *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (internal quotation marks omitted); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) ("To succeed in an Eighth Amendment challenge, [a prisoner] must establish that . . . a single, identifiable necessity of civilized human existence is being denied . . . ."). The Constitution "does not mandate comfortable prisons." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson*, 503 U.S. at 9 (internal quotation marks and citation omitted). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* at 9.

The Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health. *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977); *see also Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006). In this case, the complaint alleges that, on a single occasion, Lewis missed his breakfast because Defendant Young pulled him out of the meal line. That deprivation does not rise to the level of a constitutional violation. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (isolated deprivations of food do not violate the Eighth Amendment); *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001) ("The fact that Sims may have been served one cup of fruit as

7

part of a six-meal-per-day diet does not establish a deprivation of nutrition necessary to sustain his physical well-being. Furthermore, Sims did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him even though one of the six meals he received per day may have consisted of one cup of fruit."); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (inmate's Eighth Amendment rights were not violated when he was served one meal a day for 15 consecutive days because that meal was sufficient to maintain normal health). Lewis does not allege that missing one meal adversely affected his health. Therefore, the allegation that Lewis was not fed breakfast on October 8, 2014, does not satisfy the objective component of an Eighth Amendment claim.

For the foregoing reasons, Lewis's complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints

subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, because the deficiencies in Lewis's complaint cannot be cured, leave to amend is not warranted.

## IV. Conclusion

The Court DISMISSES Lewis's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Lewis's complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Lewis in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Lewis would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Lewis nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment

procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Lewis is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Lewis, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Lewis is warned that he is barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Any civil action filed by Lewis after the date of the judgment in this case must be accompanied by either the $400 civil filing fee or allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If Lewis submits any complaint that does not allege he is under imminent danger of serious physical injury or is not accompanied by the filing fee, the complaint

---

[2] *See Lewis v. Gupton*, No. 14-2808-JDT-dkv (W.D. Tenn. Jan. 14, 2015) (dismissed for failure to state a claim), and *Lewis v. Gupton*, No. 14-2866-JDT-cgc (W.D. Tenn. Jan. 9, 2015) (dismissed for failure to state a claim).

will be filed, but Lewis will be required to remit the full filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account without regard to the installment payment procedures of 28 U.S.C. §§ 1915(a)-(b).[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Lewis is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.